IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASSOCIATION CASUALTY INSURANCE
COMPANY; BENCHMARK INSURANCE
COMPANY; GEORGIA CASUALTY & SURETY
COMPANY; and NATIONAL SECURITY
FIRE and CASUALTY COMPANY                                              PLAINTIFFS

VERSUS                                CIVIL ACTION NO. 1:06cv954KS-RHW

ALLSTATE INSURANCE COMPANY;
FARM BUREAU MUTUAL INSURANCE
COMPANY; NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY d/b/a NATIONWIDE
INSURANCE COMPANIES; STATE FARM
FIRE AND CASUALTY COMPANY; ST. PAUL
TRAVELERS COMPANIES; LORRIE K. BROUSE;
ROBERT P. ARNOLD; DELMA P. LOCKE, JR.;
TERRY BLALOCK; CHARLES RICE; and
BRAD LITTLE                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#102]** filed on behalf of the individual defendants Terry Blalock and Charles Rice pursuant to Rule 56 of the Federal Rules of Civil Procedure and on the alternative Motion to Continue the motion for summary judgment **[#123]** filed on behalf of the plaintiffs. The court, having reviewed the motions, the responses the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion for summary judgment is not well taken and should be denied and that the plaintiffs' alternative motion to continue the motion for summary judgment is moot and should be denied. The court specifically finds as follows:

**FACTUAL BACKGROUND**[1]

This case involves allegations by four insurer members[2] ("the plaintiffs") of the Mississippi Windstorm Underwriter's Association ("the Association" or "the MWUA") that five large private insurance companies ("insurer defendants") and certain named representatives ("individual defendants"), operating as the Board of Directors of the MWUA intentionally or negligently failed to procure reasonable and appropriate reinsurance for the Association because of a conflict of interest. The plaintiffs are ultimately seeking certification as class representatives on behalf of a class alleged to be more than one hundred non-defendant insurer members of the Association.

The Complaint alleges that the defendants' actions constituted negligence and breach of their fiduciary duty towards all members of the proposed Class, which caused the proposed Class unreinsured losses up to approximately $525 million. The overarching loss allegation is calculated by the plaintiffs as the difference between (1) the approximately $700 million in claims that the Association is estimated to pay to its insureds as a result of property damage claims arising out of Hurricane Katrina, and (2) the $175 million in reinsurance actually procured by the MWUA Board on behalf of the Association for the 2004 and 2005 hurricane seasons.

---

[1] For a more exhaustive factual background of this litigation, see the memorandum opinion and order entered herein on the separate joint motion to dismiss.

[2] There were originally five plaintiffs. Aegis Security Insurance Company filed a Rule 41 voluntary dismissal on April 20, 2007.

## CONTENTIONS OF THE PARTIES

Defendants Terry Blalock and Charles Rice ("Movants") have filed their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Movants are one current and one retired employee of Defendant Insurer State Farm Fire & Casualty Company ("State Farm"). Specifically, the defendants contend that the plaintiffs inappropriately named Blalock and Rice as defendants in this action under the false assumption that they were members of the Board of the MWUA.

The defendants contend that Blalock and Rice merely attended Board meetings on separate occasions in the place of Sam Branch ("Branch"). Branch, a non-party, is a fellow employee of State Farm who was appointed as a member/representative to the Board for the 2002-03 and 2003-04 terms. According to the defendants, because the plaintiffs have failed to produce evidence sufficient to create a genuine issue of material fact as to whether either Blalock or Rice were Board members, the plaintiffs' claims against them should be dismissed.

One of the formative statutes of the MWUA, Miss. Code Ann. § 83-34-7 (2007)[3] provides in pertinent part: "[t]he permanent board shall consist of five (5) representatives of the members to be appointed by the temporary board of directors subject to the approval of the commissioner and three (3) agents from the coast area to be appointed by the commissioner." Section XI(2) of the MWUA " Plan of Operation ("the Plan") mirrors this language:

The permanent Board shall consist of eight members, five (5) to be

---

[3] For a more exhaustive analysis of the MWUA and its implementing statutes, see the memorandum opinion and order entered herein in regard to the joint motion to dismiss.

representatives of the members to be appointed by the temporary Board of Directors subject to the approval of the Commissioner and three (3) agents from the coast area to be appointed by the Commissioner. The member representatives on the Board shall be appointed annually by the Commissioner of Insurance. Voting may be in person or by proxy. Not more than one insurer in a group under the same management or ownership shall serve on the Board at the same time. The Board shall also include three (3) licensed Mississippi Resident Local Agents from the Coast Area who shall be appointed annually by the Commissioner.

The defendants aver that, pursuant to the implementing statues of the MWUA, only the Insurance Commissioner for the State of Mississippi ("the Commissioner") has the authority to appoint members to the Board. The defendants have produced uncontradicted evidence listing the individuals appointed by the Commissioner for the 2002-03 and 2003-04 terms. Neither document lists either Blalock or Rice.

The plaintiffs' complaint alleges that the defendants participated in actions by the Board which breached duties owed to the plaintiffs and the proposed Class. (*See* Compl. ¶¶ 19, 45, 50, 51.) In rebuttal to the present motion, the plaintiffs contend that (1) sufficient evidence exists to create a genuine issue of material fact as to whether both Blalock and Rice were "Directors" on the Board and (2) Blalock and Rice may be held liable regardless of whether they are found to be Board members.

The plaintiffs assert that they have produced evidence which, given the benefit of all reasonable factual inferences, suggests that: (1) the Insurer Defendants served on the Board through representative employees; (2) Blalock and Rice, acting as "Directors" representing State Farm, attended meetings of the Board during which reinsurance matters pertinent to the instant dispute were discussed; and (3) Defendant Blalock, acting as a Board member representing State Farm, signed a written mail-in vote pertinent to an unrelated MWUA matter. The plaintiffs further contend that proof that

4

the Commissioner appointed Blalock or Rice to the Board is immaterial to their potential liability. This argument is based upon the averment that "Movants may be held liable under Mississippi law for any duties they assumed, or even for unofficial or illegal Board service, . . . [or] as agents of the Insurer Defendants." (Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. 9 n.1 (citations omitted).)

In the event that the court fails to deny the defendants' Motion for Summary Judgment, the plaintiffs have moved in the alternative for a continuance pursuant to Federal Rule of Civil Procedure 56(f) in order to allow discovery to be conducted on the issue contested in the present motion. The scheduling order limits discovery to class certification issues until a ruling on the defendants' Joint Motion to Dismiss is rendered. (*See* Text Only Order Granting Motion to Suspend Scheduling Order Deadlines Pending Ruling on Motion to Dismiss.)

Further, at the time of the filing of this motion, the Complaint had not yet been answered by any Defendant. As such, the plaintiffs contend that additional discovery is necessary to determine "the Association's appointment practices[,] how Movants came to be listed as 'Directors' representing State Farm . . . [and] whether Movants . . . assumed duties to Plaintiffs and other class members." (*See* Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. 9.) As asserted by the plaintiffs, this additional discovery is likely to create a genuine issue of material fact regarding the issue disputed in the present motion. Finally, the plaintiffs argue that the requirements of Federal Rule of Civil Procedure 56(f) have been satisfied, as they have not been dilatory in pursuing discovery and have timely filed notice with the court of their need for additional discovery.

The defendants oppose the plaintiffs' Motion for Continuance on the grounds that further discovery cannot establish that the Movants were ever Board members. According to the defendants, § 83-34-7 and § XI(2) of the Plan grant the Commissioner exclusive authority to appoint Board members. The defendants' assert that the uncontroverted evidence establishes the Board members appointed by the Commissioner during the pertinent periods. Thus, the defendants contend that additional discovery cannot change the identity of the appointed Board members and, accordingly, that the plaintiffs' Motion for Continuance should be denied. In the alternative, the defendants assert that any continuance granted should be subject to the scheduling order currently in force.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a

genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984). The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant

7

accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents

merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).  Additionally, under Federal Rule of Civil Procedure 56(f), the court may refuse summary judgment or order a continuance "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, n.5.

## **ANALYSIS**

### **Capacity in which Movants Served on the Board**

The plaintiffs assert that the defendants' Motion for Summary Judgment should be denied, as a genuine issue of material fact exists regarding the capacity in which Blalock and Rice served State Farm in their associations with the Board.  Specifically, the plaintiffs allege that the evidence raises genuine issues with respect to (1) whether the Insurers or their respective representatives are members of the Board, and (2) whether either Blalock and /or Rice served as representatives of State Farm on the Board.

The court finds that a genuine issue of material fact indeed exists as to whether the Insurers or, alternatively, their respective representatives are members of the Board.  The defendants argue that the enabling statute provides that membership on the Board comes only by way of appointment by the Commissioner.  *See* § 83-34-7 ("The permanent board shall consist of five representatives of the members to be

9

appointed by the temporary board of directors *subject to the approval of the commissioner . . . .*" (emphasis added)). Further, the defendants rely upon correspondence from the Commissioner and minutes from Board meetings in which individual representatives of the Insurers are referred to as the MWUA "Board" or "Board of Directors." (*See* Defs.' Mot. For Summ. J., Ex.2 6, 8-17, 19, 21). The defendants thus assert that the plaintiffs have no valid claims against either Blalock or Rice because they have failed to produce any evidence to establish that the Commissioner appointed either of the Movants to the Board.

However, the court finds that the evidence strongly suggests that member Insurers are appointed to the Board, whereas individual representatives serve on the Board as representatives of their respective member Insurer employers. For example, § XI(2) of the Plan states: "[n]ot more than one *insurer* in a group under the same management or ownership shall *serve on the Board* at the same time." (emphasis added). Additionally, § XII(2) of the Plan states: "[a]s soon as practicable after *appointment to membership on the Board*, . . . *an insurer* may designate a qualified representative and an alternate of such representative to serve for it . . . ." (emphasis added). Furthermore, Exhibits B and F of the plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment corroborate a conclusion that member Insurers, and not their respective individual representatives, are members of the Board. (*See, e.g.*, Ex. B 3 (listing "[t]he duly appointed Insurers and agencies having representatives sitting on the Board . . . ."); Ex. F 1 (including a recommendation from State Farm to the Manager of the Association that State Farm employee J. D. Sparks

10

succeed Branch as State Farm's "representative for [the Association]."").) Therefore, the evidence creates a genuine issue as to whether Insurers or, alternatively, their respective representatives are members of the Board.

Second, the court concludes that sufficient evidence exists to create a genuine issue of material fact as to whether either Blalock and/or Rice represented State Farm in their associations with the Board. As supported by the evidence, both parties agree that the Movants attended Board meetings in lieu of State Farm Board representative Branch. (*See* Defs.' Mot. for Summ. J., Ex. 2, ¶¶ 5, 6; Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. 4-5.) The court has already concluded that a genuine dispute exists as to whether State Farm itself was a member of the Board and was represented on the Board by individual representatives or whether the individual representatives themselves were members of the Board. *See supra*. Thus, assuming a rational trier of fact could find State Farm was a Board member, a genuine dispute over whether the Movants served as representatives to Board member State Farm would render summary judgment inappropriate. *See Celotex*, 477 U.S. at 322.

Further, Exhibits C, D and E of the plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment create a genuine issue of material fact as to the capacity in which the Movants represented State Farm in associations with the Board. Exhibits C and E, minutes from two meetings of the Board, list the Movants respectively as "DIRECTORS" in attendance and associated with State Farm. Ex. C 1; Ex. E 1. Matters pertinent to the Association's reinsurance plan are included as an agenda item in each set of minutes. *See* Ex. C 2-3; Ex. E 4.

Additionally, Exhibit D, a mail-in vote directed to "Board Members" and pertaining

11

to the "MWUA and [Mississippi Residential Property Insurance Underwriters Association ("MRPIUA")] Policy Management System," was signed by Movant Blalock. This letter is drafted on MRPIUA letterhead and does not explicitly distinguish whether Movant Blalock's signature represents his vote as a member or representative of either the MWUA or MRPIUA Board, or both. However, the repeated references to both Boards is susceptible of the inference that Movant Blalock's vote represented the vote of State Farm in its capacity as a member of the MWUA Board. Thus, because sufficient evidence exists to create a genuine issue as to whether the Movants themselves served on the Board as representatives of Board member State Farm, summary judgment of the claims against either Blalock or Rice is inappropriate. *See Celotex*, 477 U.S. at 322.

**Failure to Show that Movants Were Wrongly Sued**

The court further concludes that the defendants' Motion for Summary Judgment should be denied, as the defendants have failed to show that the plaintiffs wrongly sued Movants Blalock and Rice. The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters,* 687 F.2d at 119.

The defendants assert that summary judgment should be granted on the basis of uncontroverted evidence that the Commissioner appointed representatives other than the Movants to the Board for the 2002-03 and 2003-04 terms. However, the defendants fail to establish why the fact that the Movants were never appointed by the

Commissioner to the Board leads inevitably to the conclusion that the Movants therefore cannot be found liable for the causes of action stated in the Complaint. Indeed, the facts that the Movants were neither Board members nor representatives of State Farm on the Board are the subject of genuine factual disputes as pointed out above. Furthermore, the plaintiffs assert alternative theories which may provide liability for the Movants via any duties they assumed with respect to plaintiffs and the proposed Class.

Summary judgment is appropriate when a plaintiff sues the wrong party. *See Carver v. Liberty Mut. Ins. Co.*, 277 F.2d 105, 109 (5th Cir. 1960). In *Carver*, the plaintiff sued the defendant insurer under the false assumption that the driver of a truck which hit the plaintiff was an employee of the insured. *Id.* at 106. The Fifth Circuit affirmed summary judgment for the defendant because the uncontroverted evidence established that the plaintiff was not an employee of the insured. *Id.* at 109. *Sills v. Helmerick & Payne, Inc.*, No. 6:06-cv-1772-Orl-19JGG, 1996 U.S. Dist. LEXIS 21412 (N.D. Miss. Sept. 30, 1996), is in accord with *Carver*. In *Sills*, the plaintiff employee of Helmerich & Payne International Drilling Company sued Helmerick & Payne, Inc under the false assumption that the latter was his employer. *Id.* at *1-*2. The *Sills* court granted summary judgment for the defendant because, *inter alia*, the uncontroverted evidence showed that the plaintiff had sued the wrong party. *See id.*

Here, summary judgment is inappropriate because a genuine issue exists as to whether the Movants are proper parties to the instant case. The defendants argue that the plaintiffs' claims against the Movants are dependent upon the premise that the

13

Movants were members of the Board. (*See* Defs.' Reply Br. 3 (quoting Compl,, ¶ 2 ("Defendants are members of the MWUA Board and were responsible for purchasing reasonable and appropriate reinsurance to protect the Class."))). Because the plaintiffs have failed to come forward with evidence establishing that the Commissioner appointed the Movants to the Board, the defendants assert that the plaintiffs have incorrectly sued the Movants.

However, the plaintiffs have produced colorable evidence contradicting the defendants' assertion that Blalock and Rice were not members of the Board. (*See* Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., Ex. C and D (referring to Movants as "DIRECTORS"; Ex. E (Movant Blalock responding to a letter directed to the "BOARD OF DIRECTORS.")). The plaintiffs have also produced evidence sufficient to create a genuine dispute as to whether the Movants represented State Farm on the Board, regardless of any "appointment" by the Commissioner. (*See* discussion of Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., Ex. C, D and E *supra* p. 8-9.) Thus, unlike *Carver*, the defendants' evidence that the Movants were wrongly named conflicts with the plaintiffs' evidence. *See* 277 F.2d at 109; *see also Sills*, 1996 LEXIS 21412 at *2. As such, a genuine issue of material fact exists as to whether the Movants were wrongly sued and summary judgment should be denied. *See Celotex*, 477 U.S. at 322.

Moreover, the defendants have failed to foreclose the possibility that the Movants may be held liable as a result of any duties they assumed with respect to the plaintiffs and the proposed Class. The plaintiffs have cited alternative theories under which it is possible for the Movants to be found liable even assuming they were never

members of the Board. *See American Empire Life Ins. Co. v. McDory*, 319 So. 2d 237, 241 (Miss. 1975) (holding that a defendant who unofficially or illegally served on a board of directors may be sued for breach of a fiduciary duty assumed via service on the board); *Doe ex rel. v. Wright Sec. Services, Inc.*, 950 So. 2d 1076, 1080 (Miss. Ct. App. 2007) (discussing the assumption of duty in a negligence action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-48 (5th Cir. 1999) (holding that, under Mississippi law, an agent acting within the course and scope of his employment is not absolutely immune from liability for a principle's breach of duty).

The court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson*, 736 F.2d at 178. As such, even if the Movants did not officially represent State Farm on the Board, it is possible that they could nonetheless be found liable to the plaintiffs and the proposed Class for duties assumed via their associations with the Board as State Farm employees. Therefore, the defendants have failed to establish that the Movants could not be held liable irrespective of their status as members of the Board.

Therefore, the court finds that the defendants have not established the absence of a genuine issue of material fact regarding whether the Movants were wrongly sued. As a result, the defendants have failed to carry their burden as moving party to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law. *See Union Planters,* 687 F.2d at 119. Thus, summary judgment is inappropriate and should be denied.

## PLAINTIFFS' MOTION FOR CONTINUANCE

Finally, because the defendants' Motion for Summary Judgment should be denied, consideration of the plaintiffs' alternative motion for continuance is unnecessary. The plaintiffs' motion for continuance pursuant to Federal Rule of Civil Procedure 56(f) is proffered as an alternative to granting the defendants' Motion for Summary Judgment. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*See also Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 916 (5th Cir. 1992) (Rule 56(f) "provide[s] nonmovants with a much needed tool to keep open the doors of discovery *in order to adequately combat a summary judgment motion*" (emphasis added).). Here, the plaintiffs have presented evidence sufficient to justify denial of the defendants' motion. As a result, additional discovery is not needed to "combat the summary judgment motion." *Id*. Therefore, the plaintiffs' motion in the alternative for a continuance shall be denied as moot.

## CONCLUSION

The court finds that the defendants' Motion for Summary Judgment should be denied, as sufficient evidence exists to create a genuine issue of material fact as to whether Blalock and/or Rice are proper defendants to the instant case. Summary judgment is inappropriate because the evidence, when taken in the light most favorable

to the plaintiffs', creates a genuine issue as to the capacity in which the Movants served on the Board and whether the Movants were incorrectly named in the suit. Furthermore, the court finds that it is possible that the Movants may be held liable for duties they assumed towards the plaintiffs and the proposed Class, irrespective of their status as members of the Board. Accordingly, resolution of the plaintiffs' alternative motion for a continuance is unnecessary.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#102]** filed on behalf of the individual defendants Terry Blalock and Charles Rice is Denied and the alternative Motion to Continue the motion for summary judgment **[#123]** filed on behalf of the plaintiffs is Denied as moot.

SO ORDERED AND ADJUDGED this the 20th day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE